## MISJOINDER IN AN ACTION FOR LEGAL SERVICES.

Common Pleas Court of Hamilton County.

JAMES N. RAMSEY v. MARGARETTA DEITZ ET AL.

Decided, November, 1916.

*Misjoinder of Parties Defendant and of Causes of Action—Where the Causes Arise on Different Rights and are Triable in Different Tribunals.*

A cause of action for legal services can not be joined against an individual and also against the same defendant as administrator, nor can either of such causes of action be joined with one against a corporation, where the said causes do not all affect all the parties to the action and are triable in different tribunals.

*Frank H. Kunkel,* for demurrers.
*Charles W. Baker,* contra.

GEOGHEGAN, J.

Heard on demurrer to the petition.

The action is on an account for legal services alleged to have been rendered by plaintiff to the defendants, Margaretta Deitz and Louis E. Deitz individually and as administrators of the estate of Conrad Deitz, deceased, who died June 26, 1906, and the Boss Washing Machine Company, a corporation under the laws of the state of Ohio. The account consists of numerous items running from January, 1897, to January, 1912.

Separate demurrers were filed by each of the defendants setting forth a number of grounds, but for the purposes of this decision, only three need be considered:

First, that there is a misjoinder of parties defendant.

Secondly, that several causes of action are improperly joined.

Third, that separate causes of action against several defendants are improperly joined.

I have not considered the other grounds of demurrer which raise the question of the statute of limitations, the sufficiency of the petition, and the jurisdiction of the court over the subject-matter for the reason that in the view I have taken of this matter these questions can be raised and properly determined, upon the filing of an amended petition or petitions, if plaintiff desires so to do. The decision upon the grounds of demurrer which I have considered are based upon an examination of the allegations of the petition, together with the items of the account which is attached to the petition as an exhibit, and by specific allegation made a part thereof. Whatever question there may have been with reference to the right of a court to consider an account attached to a petition and made a part thereof for the purpose of determining whether or not a demurrer will lie against the petition upon any ground, has been finally settled by our Supreme Court in the case of *Forge* v. *Supply Company,* 82 Ohio St., 199, wherein it is specifically held that an account which is sued upon and attached to the petition and specifically made a part thereof, is a part of the petition, and that the items of such an account constitute a part of the cause of action; otherwise the allegations of

the petition would simply constitute legal conclusions and would be of no force.   (See language of the court at page 204.)

An examination of this account shows that part of the services were rendered to Conrad Deitz, the decedent, part to Margaretta Deitz and Louis Deitz individually, part to the same defendants as administrators of the estate of Conrad Deitz, deceased, and part to the Boss Washing Company, a corporation under the laws of the state of Ohio.

It is manifest from the mere statement that there are separate causes of action set forth in the petition.  Whatever charges may have been incurred in connection with the business of Conrad Deitz, deceased, either by express or implied agreement, they are proper charges against his estate.  Whatever charges may have been incurred by his administrators are charges against them individually, and whatever charges may have been incurred by the individuals and the corporation as such, are separate charges against them and the corporation.  The administrators can not be held individually in the same action as they are sought to be held as administrators, in the one case, for this would result, if it could be carried out, in two judgments, one against them *de bonis testatoris,* and the other *de bonis propriis.  Watson* v. *Dickey,* Tappan, 235; *Thomas, Administrator,* v. *Moore,* 52 Ohio St., 200; *Kittredge* v. *Miller,* 19 W. L. B., 119; *McBride* v. *Rucker,* 5 C. C., 12; *Fleischman* v. *Shoemaker,* 2 C. C., 152; *Deschler* v. *Franklin, Administrator,* 20 C. C., 56.

As it is true that the administrators can not be joined as such and as individuals in the same action wherein the causes of action set out against each is separate, it is certainly true that the separate causes of action against them can not be joined.  Nor can a cause of action against the individuals be joined with a cause of action against the estate of decedent and a cause of action against the corporate defendant, unless there are some allegations in the petition tending to show that there was a general liability created and that all the parties assumed the same liability.  There is nothing in this petition to show that the charges as made against the individuals have anything to do with the charges as made against the estate or the corporate defendant.

*Swan on Practice and Precedents,* Vol. 1, page 30, lays down the rule as follows:

"It is well settled, that causes arising in different rights, can not be joined in the same action. Thus, a count on a promise by husband and wife, can not be joined with a count by the wife *dum sola;* nor can trespass by husband for the battery of both, nor trespass for a personal injury to the wife and a cause of action for which the husband alone might sue, as the loss for her company; nor can trespass for the goods of wife taken before coverture, and the goods of husband taken afterwards be joined in the same action. So, a man can not join an action in his own right and as executor or administrator, nor can he have an action against another to charge him as executor or administrator and also in his own right, the judgment in the one case being *de bonis testatoris,* and in the other *de bonis propriis.*"

For the same reasons a man can not join a cause of action against an individual for legal services with a cause of action against an administrator of an estate for legal services rendered the decedent, nor can he join a cause of action against either of these with a cause of action against a corporation. His rights may necessarily arise by reason of separate contracts not having any connection with each other and not affecting all parties to the action. The right to unite several causes of action against several defendants is limited by Section 11307, General Code, which provides as follows:

"The causes of action so united must not require different places of trial, and, except as otherwise provided, must affect all the parties to the action."

Claims against the administrators, arising out of their acts, must be presented to the probate court for allowance, and if disallowed an appeal can be taken. Claims against individuals and against corporations for legal services may be commenced in any court of competent jurisdiction; not in the probate court which has no jurisdiction over such matters.

It therefore seems that this petition is an attempt to join four separate causes of action against four separate classes of defendants, which said causes of actions do not affect all the parties to the action, and some of which require different places of trial.

For these reasons, therefore, the demurrers will be sustained as to the three grounds set forth above.

If there is any merit in the other ground of the demurrer, and there seems to be on the pleading as it is now before the court, that question may be determined upon the filing of an amended petition or petitions which the plaintiff in his good judgment may see fit to file.